J. A. La Fortune v. Commissioner.
La Fortune v. Commissioner
Docket No. 107160.
United States Tax Court
1942 Tax Ct. Memo LEXIS 45; 1 T.C.M. (CCH) 185; T.C.M. (RIA) 42631; December 10, 1942
*45 Roscoe E. Harper, Esq., for the petitioner. Stanley B. Anderson, Esq., for the respondent. SMITH Memorandum Opinion SMITH, J.: This proceeding is for the redetermination of a deficiency of $1,988.35 in petitioner's income tax for 1939. The only question in issue is whether petitioner and his wife are entitled to report their income and expenses for the period August 1, 1939, to December 31, 1939, on a community property basis after having filed an election, effective August 1, 1939, to come under the community property law of the State of Oklahoma. The facts are not in dispute. Petitioner is a resident of the State of Oklahoma and during 1939 was domiciled in that state and living with his wife, Gertrude La Fortune. Petitioner filed his income tax return for 1939 with the collector of internal revenue for the district of Oklahoma. Prior to August 1, 1939, petitioner and his wife duly filed with the proper state and county authorities and election as provided by the state statutes to come under the community property law of the State of Oklahoma (Title 32, Oklahoma Statutes Annotated, par. 51 to 65, inclusive). During the period August 1 to December 31, 1939, petitioner and his *46 wife received income and had deductible expenses as follows: Salary received by petitioner
$17,482.06
Dividends received by petitioner
514.00
Dividends received by Gertrude La
Fortune
839.50
Rents received by petitioner
250.00
Rents received by Gertrude La For-
tune
950.00
Taxes paid by petitioner
510.48
Taxes paid by Gertrude La Fortune
1,071.90
Depreciation allocable to period Aug. 1
to December 31, 1939, on rental
dwelling owned by Gertrude La For-
tune
128.69
Expenses of tank cars paid by peti-
tioner
375.62
In their income tax returns for 1939 petitioner and his wife each reported one-half of the above items of income and claimed the deduction of one-half of the above expenses on the theory they constituted income and expenses of the community. The respondent has determined that petitioner is taxable on all of his income and is entitled to the deduction of all of his expenses. The deficiency herein results in part from such determination. Respondent states in his memorandum brief in this proceeding that: The only issue presented is whether the Oklahoma Community Property Law of 1939 (Session Laws of Oklahoma, 1939, H.B. 565, effective August 12, 1939) is effective *47 to permit the division of income, for Federal income tax purposes, between husbands and wives who have elected to come under the terms of the law. This question was determined in favor of the petitioner's contentions and against those of the respondent in , promulgated November 18, 1942. Upon authority of that case we hold that petitioner and his wife are entitled to a division, on the community property basis, of the income and expenses set out above. Decision will be entered under Rule 50.